UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS RELIEF AND CHARITY FUND, and THE CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK,

           Plaintiffs,

-against-

MANNY P. CONCRETE COMPANY, INC.,

           Defendant.

19 CV _____

**COMPLAINT**

---

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## PRELIMINARY STATEMENT

1. This is a civil action pursuant to sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended, 29 U.S.C. §§ 1132(a)(3), 1145 ("ERISA"), and section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185 ("LMRA"), to obtain relief related to delinquent employer contributions to employee benefit plans.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2) because Plaintiffs reside in this district.

## THE PARTIES

4. Plaintiff Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, Apprenticeship, Journeyman Retraining and Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The Trustees are fiduciaries of the ERISA Funds within the meaning of section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5. Plaintiff Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") (together, the ERISA Funds and the Charity Fund shall be referred to as the "Funds") are Trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6. Plaintiff the Carpenter Contractor Alliance of Metropolitan New York is a New York not-for-profit corporation.

7. Defendant Manny P. Concrete Company, Inc. ("Manny P") is a corporation incorporated under the laws of the state of New York. At all relevant times, Manny P was an employer within the meaning of section 3(5) of ERISA, 29 U.S.C. § 1002(5), and was an employer in an industry affecting commerce within the meaning of section 501 of the LMRA, 29 U.S.C. § 142. Manny P maintains its principal place of business at 609 Edgewood Drive, Westbury, New York 11590.

## STATEMENT OF FACTS

8. At all relevant times, Manny P was signatory to, or otherwise manifested an intention to be bound by, a collective bargaining agreement ("CBA") with the New York City District Council of Carpenters (the "Union").

9. The Union is a labor organization within the meaning of section 301 of the LMRA, 29 U.S.C. § 185, and represents employees in an industry affecting commerce as defined in section 502 of the LMRA, 29 U.S.C. § 142.

10. The CBA required Manny P to make specified hourly contributions to the Funds in connection with all work performed in the trade and geographical jurisdiction of the Union ("Covered Work").

11. Additionally, Manny P was required to furnish its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions under the terms of the CBA.

12. Pursuant to the CBA, the Funds conducted an audit of Manny P covering the period December 28, 2016 through March 31, 2019 (the "Audit").

13. According to the Audit, Manny P has failed to remit contributions to the Funds in the principal amount of $12,318.24 for Covered Work it performed.

14. Additionally, Manny P is liable for interest on previous late payment of contributions for July 17, 2018 and September 11, 2018 in the amount of $3.72.  A copy of Manny's late payment interest owed during this period is attached hereto as **Appendix A**.

## FIRST CLAIM FOR RELIEF AGAINST MANNY P
*Unpaid Contributions Under 29 U.S.C. § 1145*

15.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

16.     Section 515 of ERISA, 29 U.S.C. § 1145, provides that employers "obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."

17.     The CBA requires Manny P to make contributions to Plaintiffs in connection with all Covered Work Manny P performs.

18.     Manny P has failed to remit contributions to the Funds in the principal amount of $12,318.24 for Covered Work it performed, as revealed by the Audit.

19.     Pursuant to the CBA and ERISA sections 502(a)(3), 502(g)(2), and 515, 29 U.S.C. §§ 1132(a)(3), (g)(2) and 29 U.S.C. § 1145, Manny P is liable to Plaintiffs for: (1) the principal revealed by the Audit of $12,318.24; (2) interest on the principal of $1,082.14; (3) promotional fund contributions of $26.88; (4) liquidated damages of $2,463.65; (5) audit costs of $1,477.25; (5) reasonable attorneys' fees and collection costs incurred by Plaintiffs in this action; and (6) such other legal or equitable relief as the Court deems appropriate.

## SECOND CLAIM FOR RELIEF AGAINST MANNY P
*Violation of Collective Bargaining Agreement Under 29 U.S.C. § 185*

20.     Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

21. Section 301 of the LMRA, 29 U.S.C. § 185, authorizes the Plaintiffs, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of the CBA.

22. Manny P violated the terms of the CBA when it failed to make all contributions due and owing for Covered Work it performed, as revealed by the Audit.

23. Manny P is also liable for interest on previous late payment of contributions for July 17, 2018 and September 11, 2018 in the amount of $3.72.

24. With respect to the Audit, under the CBA, the Funds' Trust Agreements and Collection Policy (which are incorporated into the CBA), and section 301 of the LMRA, 29 U.S.C. § 185, the Funds are entitled to recover: (1) the principal revealed by the Audit of $12,318.24; (2) interest on the principal of $1,082.14; (3) promotion fund contributions of $26.88; (4) liquidated damages of $2,463.65; (5) audit costs of $1,477.25; (5) reasonable attorneys' fees and collection costs incurred by Plaintiffs in this action; and (6) such other legal or equitable relief as the Court deems appropriate.

25. With respect to late payment interest, Manny P owes in connection with contributions it paid past the deadline for doing so between July 17, 2018 and September 11, 2018, under the CBA, the Funds' Trust Agreements and Collection Policy (which are incorporated into the CBA), and section 301 of the LMRA, 29 U.S.C. § 185, the Funds are entitled to recover: (1) late payment interest of $3.72; (2) reasonable attorneys' fees and collection costs incurred by the Plaintiffs in this action; and (3) such other legal or equitable relief as the Court deems appropriate.

26. **WHEREFORE**, Plaintiffs respectfully request that this Court:

(1) On Plaintiffs' First Claim for Relief, issue an order finding that Manny P is liable to Plaintiffs for: (1) the principal revealed by the Audit of $12,318.24; (2) interest on the principal of $1,082.14; (3) promotion fund contributions of $26.88; (4) liquidated damages of $2,463.65; (5) audit costs of $1,477.25; and (5) reasonable attorneys' fees and collection costs incurred by Plaintiffs in this action;

(2) On Plaintiffs' Second Claim for Relief, with respect to the Audit, issue an order finding that Plaintiffs are entitled to recover: (1) the principal revealed by the Audit of $12,318.24; (2) interest on the principal of $1,082.14; (3) promotion fund contributions of $26.88; (4) liquidated damages of $2,463.65; (5) audit costs of $1,477.25; and (5) reasonable attorneys' fees and collection costs incurred by Plaintiffs in this action;

(3) On Plaintiffs' Second Claim for Relief, with respect to the late payment interest Manny P owes in connection with contributions it paid past the deadline for doing so between July 17, 2018 and September 11, 2018, finding that Plaintiffs are entitled to recover: (1) late payment interest in the amount of $3.72; and (2) reasonable attorneys' fees and collection costs incurred by Plaintiffs in this action; and

(4) Award Plaintiffs such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 12, 2019

VIRGINIA & AMBINDER, LLP

By: _____/s/_____

Marlie Blaise
Nicole Marimon
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080
*Attorneys for Plaintiffs*